999 F.2d 546
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Lamar STOVALL, Defendant-Appellant.
 Nos. 91-50613, 92-50037.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 6, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Jerry Lamar Stovall appeals his 151-month sentence, imposed following a jury trial, for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Stovall contends that the district court erred by refusing to grant him a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review for clear error the district court's determination that Stovall did not accept responsibility, see United States v. Ford, 989 F.2d 347, 352 (9th Cir.1993), and we accord great deference to the district court's determination, see U.S.S.G. § 3E1.1, comment. (n. 5).
 
 
 4
 "The Guidelines allow a two-level reduction in a defendant's total offense level if the 'defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct.' " United States v. Brady, 928 F.2d 844, 847 (9th Cir.1991) (quoting U.S.S.G. § 3E1.1(a)). A defendant must sincerely manifest remorse or contrition to receive a reduction. United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991).
 
 
 5
 A district court may not deny this reduction simply because a defendant exercised his constitutional right to a trial and was found guilty. U.S.S.G. § 3E1.1, comment. (n. 2); United States v. Skillman, 922 F.2d 1370, 1378 (9th Cir.1990), cert. dismissed, 112 S.Ct. 353 (1991). Absent any indicia of contrition, however, a defendant's exercise of his right to remain silent at trial supports the denial of the reduction. See United States v. Aichele, 941 F.2d 761, 767 (9th Cir.1991); Skillman, 922 F.2d at 1379. Additionally, a defendant who admits the factual basis of his offense but who minimizes his behavior is not entitled to a reduction. Ford, 989 F.2d at 353.
 
 
 6
 Here, Stovall elected to go to trial because his co-defendant went to trial, the government did not make him a plea offer, and he faced a mandatory-minimum sentence of ten years. Stovall remained silent at trial and was found guilty. Stovall's co-defendant was acquitted. The presentence report contained a recommendation that Stovall not receive a reduction for acceptance of responsibility because, although he admitted his guilt, he blamed social conditions for his actions. Based upon these facts, the district court found that Stovall was not entitled to a reduction in his offense level for acceptance of responsibility.
 
 
 7
 Stovall argues that he is entitled to the reduction because he (1) voluntarily surrendered himself to authorities knowing that he faced a mandatory-minimum ten year sentence, (2) verbally admitted his guilt to defense counsel before trial, (3) admitted his guilt to the probation officer, and (4) did not contest his guilt at trial. These arguments are unpersuasive.
 
 
 8
 Stovall's voluntary submission to authorities after posting bail does not demonstrate manifest remorse or sincere contrition for the offense. See U.S.S.G. § 3E1.1, comment. (n. 1(d)). Stovall's alleged admission of guilt to his attorney prior to trial was an insufficient showing of contrition to receive the reduction. See United States v. Williams, 989 F.2d 1061, 1074 (9th Cir.1993) (upholding denial of reduction where defense counsel submitted a letter to the probation officer purportedly acknowledging defendant's acceptance of responsibility). Further, Stovall's attempts to blame social conditions for his problems indicated a lack of sincere contrition. See Ford, 989 F.2d at 353.
 
 
 9
 The district court therefore did not clearly err by finding that Stovall had not accepted responsibility, and properly denied the two-level reduction. See Aichele, 941 F.2d at 767.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3